# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELGINE WILSON FURLOW,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-1772-Orl-28GJK**

**CLARK,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR APPOINTED LAWYER (Doc. No. 2)**
>
> **FILED:**      **October 14, 2009**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be dismissed.

    On October 14, 2009, Plaintiff Elgine Wilson Furlow (the "Plaintiff") filed a two-page, handwritten complaint (the "Complaint") for breach of an oral contract. Doc. No. 1. On that same day, Plaintiff filed a handwritten Motion for Appointment of Lawyer (the "Motion"). Doc. No. 2. A review of the docket reveals that Plaintiff has not paid the filing fee or filed a motion to proceed *in forma pauperis*.

    On April 19, 2008, in *Furlow v. McClinton*, Case No. 6:07-cv-1996-Orl-31DAB, Doc. No. 19 (M.D. Fla. 2008), the Court stated the following:

> A review of this Court's records reveals that this is at least the tenth time Plaintiff has filed a non-meritorious law suit in federal court without paying a filing fee. This Court has "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Therefore, this Court has the power to permanently enjoin Plaintiff from filing or attempting to initiate any new lawsuit in any federal court in the United States without first obtaining leave of that federal court. *Id*. at 1387.

*Id*. at 2 (footnote omitted). The Court then entered the following injunction:

> Until such time as this Court may order otherwise, Elgine Wilson Furlow and any individual or entity acting or purporting to act on his behalf are hereby **ENJOINED** from filing any complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge, or any other similar instrument (collectively an "Action") in this Court **without first being granted leave by this Court to do so**. . . . Any Action Furlow . . . seeks to file must be preceded by a Motion for Leave to File addressed to this Court. The filing by Furlow of any Action without prior consent of this Court will be considered in violation of this injunction and will subject Furlow to the possibility of additional penalties, up to and including criminal contempt sanctions. . . .

*Id*. at 2 (emphasis in original). In the present case, Plaintiff has failed to seek leave of Court prior to commencing this action.

Based on the forgoing, it is recommended that the Court:

1) **DENY** the Motion (Doc. No. 2);

2) Dismiss the complaint with prejudice for violating the injunction; and

3) Direct the Clerk to close the case and not to accept any further pleadings, motions, or other documents from Plaintiff in this case;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on December 4, 2009.

Copies furnished to:

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Unrepresented Parties