# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELGINE WILSON FURLOW,**

        **Plaintiff,**

**-vs-**           Case No. 6:09-cv-1772-Orl-28GJK

**CLARK,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 12)**
>
> **FILED:**    **March 17, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On October 14, 2009, Plaintiff Elgine Wilson Furlow (the "Plaintiff") filed a two-page, handwritten complaint (the "Complaint") for breach of an oral contract. Doc. No. 1. On December 4, 2009, the undersigned entered a report recommending that the case be dismissed with prejudice because the Plaintiff violated the terms of the injunction entered in *Furlow v. McClinton*, Case No. 6:07-cv-1996-Orl-31DAB, Doc. No. 19 (M.D. Fla. 2008). Doc. No. 6. Plaintiff did not file any objection to the report and recommendation. On January 5, 2010, the Court entered an order dismissing the Complaint with

prejudice because Plaintiff violated the injunction entered in *Furlow v. McClinton*, Case No. 6:07-cv-1996-Orl-31DAB, Doc. No. 19 (M.D. Fla. 2008). Doc. No. 9. On March 9, 2010, over two months after the case was dismissed, Plainitff filed a handwritten Notice of Appeal which essentially re-alleges the allegations in the Complaint. Doc. No. 10. On March 17, 2010, Plaintiff filed a Motion for Permission to Appeal In Forma Pauperis (the "Motion"). Doc. No. 12.

## II. LAW

Section 1915 of 28 U.S.C. and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \* \* \*
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis added). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;

> > (ii) fails to state a claim on which relief
> >    may be granted; or
> > (iii) seeks monetary relief against a
> >    defendant who is immune from
> >    such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co*., 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

### III. ANALYSIS

The undersigned recommends that Court find that Plaintiff's appeal is not taken in good faith because: 1) Plaintiff did not comply with the injunction and admitted the same by not responding to the undersigned's December 4, 2009 report and recommendation; 2) the notice of appeal is largely a rehash of the factual allegations raised in the Complaint; 3) this Court does not appear to have subject matter jurisdiction over the claim alleged in the Complaint;[1] and 4)Plaintiff's appeal is not timely because the Notice of Appeal was filed more than thirty (30) days after the entry of the Court's January 5, 2010 order (Doc. No. 9) dismissing the case with prejudice. *See* Fed.R.App.P. 4(a)(1)(A) (as amended December 1, 2009). Thus, the undersigned finds that Plaintiff's appeal is not taken in good faith.

For the above stated reason, the undersigned **RECOMMENDS** that the Court:

**1**. Enter an order **DENYING** the Motion (Doc. No. 12); and

**2**. Certify that the appeal is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on March 19, 2010

Copies furnished to:

**Presiding District Judge**
**Unrepresented Parties by Certified Mail**

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Complaint alleges breach of an oral contract worth $200.00 between two parties who reside in Florida for taking down a tree. Doc. No. 1.

-4-